Judge Brooke,
delivered the opinion of the Court. *
The conveyance, which is sought to be set aside, was too obviously fraudulent, to require any comment on the facts in the record, to prove it; and, the only real question in the cause is, whether the interest on the judgment ought to have been decreed, as well as the principal. In the case of Chamberlayne. v. Temple, (ante,) the ground on which a creditor, after the death of the debtor, may come into a Court of Chancery, to charge the donee holding the property of the debtor under a fraudulent deed, was fully explored. This case is much stronger than that case. Here, there was a judgment in the life-time of the debtor, and an execution which bound the property. In that case, the judgment was against the administrator only, and the property was not bound, otherwise than as the property of every debtor is bound, by the trust for the payment of debts. In this case, there is actual and gross fraud; in that, the fraud was only in construction of law. In this case, there is no legal executor or administrator, and the debtor died insolvent, except as to the property fraudulently conveyed. In that case, there was a legal administrator, into whose hands a large amount of property came to be administered; and the donees were held to be chargeable as executors de, son tort. In this case, the appellee, though not so charged in the bill, must be considered as virtually an executor de. son tort, though not sued in that character, as in the case referred to; and is liable, in the same manner, and to the same extent, to creditors, as a rightful executor. It would be strange, indeed, if this executor, in *404 his own wrong, who has obtained the possession of the debtor’s goods, by actual and not constructive fraud only, and who is entitled to the surplus after paying debts, should escape the payment of interest, when a rightful executor, bound to distribute the surplus, would be bound to pay it. The prayer for general relief \ in the bill, being sufficient to entitle the appellant to an allowance of interest, the Court, on the ground stated, is of opinion to reverse the decree, and to send the cause back for further proceedings, according to the principles of this decree; in which, a decree is to be entered for principal with interest, to be paid out of the property, its proceeds and profits, on the terms of payment usual in such cases.

Judge Cabell, absent from indeposition.